## MULHOLLAND, APPLICATION of In Re.

Board of Tax Appeals.

No. 8156. Decided August 8, 1945.

Cary R. Alburn, Cleveland, on behalf of the applicant.

Frank T. Cullitan, Cuyahoga County Prosecutor, and Ralph W. Edwards, Assistant, Cleveland, on behalf of the County Auditor, John A. Zangerle.

## ENTRY

This cause came on for hearing on the application of

James F. Mulholland for the remission of taxes assessed against real property owned by him for the year 1943, described as:

Situated in the City of Lakewood, Cuyahoga County, **Ohio:**

James F. Mulholland, Edgewater Drive, Lakewood, Ohio.

Book 312-11-9 Page 21 75.04 ft. front x 166.36 ft. deep, Map 312-11-9, Original Lot 21, Next W. of Marquard Allot. No. 2.

This cause was heard and submitted upon the stipulation, supplemental stipulation of the parties, exhibits and briefs and arguments of counsel and of the county auditor. The property involved herein is located at No. 11733 Edgewater Drive in the city of Lakewood and consists of the land and a large apartment house; according to the stipulation the tax value thereof as fixed by the county auditor and as it appears on the tax list and duplicate of said county for the years 1943 and 1942 is as follows:

1943

| | |
|---|---|
| Land | $ 8,710.00 |
| Improvements | 72,250.00 |
| Total | $80,960.00 |

1942

| | |
|---|---|
| Land | $ 8,710.00 |
| Improvements | 65,680.00 |
| Total | $74,390.00 |

The third, fourth, fifth and sixth paragraphs of said stipulation read as follows:

"III. The increase in taxes for the year 1943 resulting from the increase in the assessed valuation of 1943 amounts to $168.85, regularly payable one-half in December 1943 and one-half in June 1944.

"IV. No portion of said increased taxes amounting to $168.85 for 1943 was made by reason of any new construction erected on said premises or by reason of any other improvements thereon since the last preceding assessment thereof prior to 1943.

"V. The County Auditor of Cuyahoga County on the 3rd day of November, 1943, under §5605 GC laid before the Cuyahoga County Board of Revision the returns of his assessment of real property for the then current year. Said list or returns of assessment covered all the taxable real property of Cuyahoga County excepting that of public utilities assess-

able by the State Tax Commissioner, and was the only list or returns of assessment submitted to said Board of Revision in 1943 for the tax year 1943. After this list was submitted to the Board of Revision, a letter dated November 23, 1943, was transmitted by said County Auditor to said Board of Revision. A copy of such letter is attached hereto marked Exhibit 'E' and made a part hereof, the third paragraph of which exhibit is as follows:

'This reappraisal involves in part increases horizontally made and in large part particular assessments. It involves the adoption of many valuations set forth in the 1942 tax list and duplicate and increase or decrease over 1942 assessments of thousands of parcels of real estate by way of equalization.'

"On the 22nd day of December, 1943, following the filing of the journal entry dated December 17, 1943, in the Seidman vs Board of Revision case in Common Pleas Court No. 534460, a copy of which court decision is attached hereto marked Exhibit 'D' and made a part hereof, the Board of Revision adopted a resolution, copy of which is attached hereto marked Exhibit 'F' and made a part hereof.

"On November 19, 1943, pursuant to an application of the County Auditor of Cuyahoga County, Docket No. 7769, the Board of Tax Appeals of Ohio granted an extension of time for completing a reappraisal and reassessment for 1943 of all of the real property in Cuyahoga County. Such reappraisal and reassessment was not completed in 1943.

"VI. In making said reassessment of said real estate of said applicant in 1943 for tax year 1943, no notice was given to said applicant James F. Mulholland, by said County Auditor of said County Auditor's intention to revalue or reassess said real property in 1943 for the tax year 1943 nor to increase over and above the 1942 assessed tax valuation thereof the tax valuation thereof for the tax year 1943, nor of such change in the tax valuation thereof."

This application is made under the authority of §§1464-1, ¶9 and 5624-10 GC of Ohio which give the Board of Tax Appeals the power to remit taxes and penalties found by it to have been illegally assessed in consequence of the negligence or error of an assessor. It is the contention of the applicant that in making the above increase in the valuation of his property, causing an increase in the amount of the taxes assessed against it, the auditor has made an illegal assessment in consequence of his negligence and error. On the

other hand the auditor contends that said assessment is not illegal, and that if it is illegal the Board has no authority to grant any remission without a prior determination of the illegality of such assessment by a court, and that the error, if any, is a fundamental error which the Board has no power to correct.

In preparing his list or returns of his assessment of real property in said county for the year 1943 the. auditor increased the valuation of certain premises, some of which increases, as in the present case, amounted to ten per cent of the 1942 valuation of the improvements although no change was made in the physical condition thereof. There was no general reappraisal and reassessment of all the real property in said county. In the case of Seidman v Board of Revision referred to in the stipulation the Common Pleas Court of Cuyahoga County held that said assessment was not a sexennial assessment as required by §5548 GC and that the Board of Revision was obligated to revise the same to comply with the provisions of said statute. Sec. 5548 as it was in effect until September 16, 1943, read in part as follows:

"In the year 1925, and in every sixth year thereafter, it shall be the duty of the county auditor to assess all the real estate situate in the county; provided, that if the real property in any county or subdivision thereof has been reappraised in the years 1922, 1923, or 1924, and upon the application of the county auditor of said county the tax commission of Ohio finds that the real property in said county or subdivision thereof is appraised at its true value in money, then there shall be no general re-assessment of property in said county or subdivision in the year 1925. The tax commission of Ohio may upon application of the auditor of any county and for good cause shown, extend the time in which the re-assessment required to be made in the year 1925 shall be completed in said county."

Sec. 5548-1, before its repeal on September 16, 1943, read as follows:

"In any year after the year in which an assessment has been made by the county auditor of all the real estate in any subdivision as herein provided, it shall be the duty of such county auditor at any time to revalue and assess any part of the real estate contained in such subdivision where he finds that the same has changed in value, or is not on the

duplicate at its true value in money, and in such case he shall determine the true value thereof in money, as herein provided for assessing the entire property in any such subdivision. In such case the county auditor shall notify the owner of such real estate, or the person in whose name the. same stands charged on the duplicate of his intention to reassess such real estate and of the change in valuation thereof in such reassessment, and in case the owner of such real estate is not satisfied with such reassessment, the same shall be heard at the next ensuing session of the county board of revision, and such owner shall have the right to appeal therefrom to the tax commission of Ohio as provided in other cases."

Sec. 5548, as amended on said date, now reads:

"In the year 1943, it shall be the duty of the county auditor to assess all the real estate situated in the county at its true value in money; provided, however, that the board of tax appeals of the department of taxation of Ohio may upon application of the auditor of any county and for good cause shown, extend the time for the purpose of completing that part of the reassessment which the auditor was unable to complete in the year 1943, in which event such reassessment as herein required shall not be made effective until any subsequent year in which it is completed. Thereafter it shall be the duty of the county auditor at any time to revalue and assess all or any part of the real estate in such county, at its true value in money, where he finds that the same has changed in value, or is not on the tax list at its true value in money. In such case the county auditor shall notify the owner of such real estate, or the person in whose name the same stands charged on the duplicate of his intention to reassess such real estate and of the change in valuation thereof in such reassessment, and in case the owner of such real estate is not satisfied with such reassessment, the same shall be heard at the next ensuing session of the county board of revision, and such owner shall have the right to appeal therefrom to the board of tax appeals or to the common pleas court of the county in which such real estate is situated as provided in §§5610 and 5611-4 GC. It shall be the duty of the. county auditor to view and appraise each lot or parcel of real estate and the improvements located thereon, if any, at least once in each six-year period beginning with the year 1943. He may increase or decrease the value of each lot or parcel of real

estate in any township, village, city or taxing district by such amount as will place all real property on the tax list at its true value in money, to the end that each and every class of real property shall be listed and valued for taxation by an equal and uniform rule."

It may be noted that former §5548 required a reassessment every six years while now such reassessment is to be made "at least once in each six year period". The auditor contends that the former §§5548 and 5548-1 apply here by reason of the fact that he started on his work prior to September 16, 1943, and that this constituted a pending action or proceeding under §26 GC.

The Board is of the view that it is immaterial which law applies for the reason that the changes that were made do not affect the question here involved. It can not be seriously contended that under either law the assessment complained of was a sexennial assessment. Under both the old and the new law in the case of other reassessments the auditor is required to give notice to the owner of the property affected of his intention so to do. The applicant received no such notice. This provision was made for the benefit and protection of the taxpayer and therefore must be held to be mandatory. In the case of Perkins v Zumstein, 4 C. C. 371, the court held:

"Notice of intent to increase valuation served on one owner of an undivided interest in real estate will not bind any of the others."

See also Hayes v Yost, Treasurer, 4 C. C. (ns) 455; **Moore v Given, 39 Oh St 661; Davies, Jr., Auditor v Investment Company, 76 Oh St 407; O'Connor v Austin, 140 Oh St 7.**

In Cooley on Taxation at page 287 the following is said:

"so all provisions designed to give the taxpayer an opportunity of the review of the assessments themselves, or on an appeal, are exclusively in his interest. Every notice which the statute provides for that end, whether by publication or otherwise, must be given with scrupulous observance of all its requirements. The notice can not be shortened a single day without rendering it ineffectual; the presumption being that the law has made it as short as was deemed consistent with due protection. A published notice can not be received as the substitute for a notice to be personally delivered to the party concerned."

The auditor in his brief contends as follows:

"As there has been no determination by any court or administrative board that these assessments are illegal, the board of tax appeals has no power under this section to remit any taxes and penalties until such matter has been determined."

This is answered by the following plain language of §5624-10 GC:

"The tax commission of Ohio may remit taxes and penalties thereon, **found** by it to have been illegally assessed."

This authority has been given to the Board of Tax Appeals by §1464-1, ¶9, GC. The above language clearly author--izes this Board to remit taxes and penalties when it determines that a tax has been illegally assessed. The legislature has seen fit to provide an administrative remedy which an aggrieved person must follow before he can resort to the courts for a determination as to the legality of a tax assessment against his real property.

The auditor further claims that the error complained of herein is a fundamental and not a clerical error and that this Board is therefore not authorized to correct it. In the cases of **Cleveland Theatres, Inc., v Evatt, 24 O O 148** and **Tyroler Realty Company v Board of Revision, 26 O O 304,** this Board held that the provisions of §5624-10 GC, do not authorize the remission of taxes and penalties which have accrued by reason of a fundamental error of judgment on the part of the county auditor in the valuation of real property for purposes of taxation. See also on this point the case of **Black, et al. v Hagerty, Auditor, 60 Oh St 551.** These cases, in our opinion, do not negative the power and authority of this Board, under the provisions of §§1464-1 and 5624-10 GC, to remit taxes and penalties by reason of an illegal and, therefore, erroneous assessment of real property for tax purposes. **Sec. 5624-10 GC** refers to taxes and penalties which have been "illegally assessed, * * * in consequence of the negligence or error" of the assessor, while §1464-1, ¶9 in referring to §5624-10 GC uses this language:

"taxes and penalties against real property found to have been illegally assessed or to have been assessed in consequence of the negligence or error"

of the assessor. It would seem that by the enactment of this statute the legislature intended that the Board should have the authority to remit taxes and penalties which were in any way illegal. However this may be, the Board finds that the auditor was not authorized to increase the assessment in question without notice to the applicant and that doing so does not constitute a fundamental error. In **State ex rel. Poe v Raine, 47 Oh St 447,** where the court held that unauthorized changes in a tax duplicate were clerical and not fundamental errors, the court said on page 457:

"This case shows that the term 'clerical error' is not limited to such mistakes as occur in copying or in computations. Errors by which property escapes its lawful share of taxation must of necessity be either fundamental, and thus beyond the power of a county auditor to correct, or clerical merely, and therefore within that power. The difficulty, however, lies in the attempt to distinguish them. While we are not required in this case to lay down rules, if that were possible, by which, in all cases, the character of these errors —as being fundamental or merely clerical may be determined, yet, certainly, those only are to be deemed fundamental that pertain to the very foundation upon which a tax rests; this of course includes defects and imperfections in the law itself, and errors of judgment committed by public boards acting within the scope of their authority. But can an error be said to be fundamental and thereby placed beyond the power of a county auditor to correct, where it has been committed by a board of equalization, or by any other board or officer while acting without authority of law, or in excess thereof? We think not; and if, when we come to examine the acts of the boards of equalization which are under consideration in this action, it shall appear that they acted without warrant of law or exceeded their authority, their errors, so committed, are not in any proper sense of the term fundamental, and may therefore be corrected by the county auditor."

This was followed in Brooks v Lander, Treasurer, 14 C C (ns) 481, affirmed without opinion. 74 **Oh St 428.**

It is therefore by the Board of Tax Appeals considered and ordered that the taxes which have been assessed and extended on that part of the building or improvement valuation of the above described property on the tax list and duplicate of the county for the year 1943 which is represented by the amount of the increase in the building or

improvement valuation of said property for the tax year 1943 over and above the building or improvement valuation of said property for the tax year 1942, be and the same hereby are remitted; and the county auditor is hereby ordered and directed to correct his tax list and duplicate for the tax year 1943 in accordance with this order and entry.